**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**JUAN PEREZ and MINERVA PEREZ, h/w**
311 Allen Street
Hazelton, Pennsylvania  18202

       -vs-                         NO. 4:05-CV-02337

**TOWNSEND ENGINEERING COMPANY**
2425 Hubbell Avenue
Des Moines, Iowa  50317                **HONORABLE JOHN E. JONES, III**

**COMPLAINT – DIVERSITY, PERSONAL INJURY**

1. Plaintiff JUAN PEREZ, is an adult individual and permanent resident alien and resident of the Commonwealth of Pennsylvania and resides therein at 311 Allen Street, Hazelton, Pennsylvania 18202.

2. Plaintiff MINERVA PEREZ, is an adult individual and permanent resident alien and resident of the Commonwealth of Pennsylvania and wife of JUAN PEREZ, residing with Mr. Perez at 311 Allen Street, Hazelton, Pennsylvania 18202.

3. Defendant TOWNSEND ENGINEERING COMPANY, is an Iowa corporation, with its principal place of business at 2425 Hubbell Avenue, Des Moines, Iowa 50317, and which regularly conducts business in the localities over which this Court has jurisdiction.

4. On or about the 7th day of October, 2005, Plaintiffs filed a Summons in Civil Action with the Court of Common Pleas of Lackawanna County, under the case number 4055 of 2005, bearing the caption of *Juan Perez and Minerva Perez, h/w –vs- Townsend Engineering Company*.

5. The amount in controversy is in excess of $150,000.00.

6. The jurisdiction of this court is based upon diversity of jurisdiction under 28 U.S.C. § 1332. Plaintiffs are residents and citizens of the Commonwealth of Pennsylvania. Defendant is a corporation incorporated in states other than Pennsylvania and with its principal place of businesses in a state other than Pennsylvania.

7. Prior to October 14, 2004, Defendant TOWNSEND ENGINEERING COMPANY, designed, manufactured and sold Townsend 7600 skinner machines, including one bearing Serial No. 1467 ("subject Townsend 7600 skinner machine").

8. Prior to October 14, 2004, Defendant designed, manufactured, fabricated, recommended, sold, or otherwise introduced the subject Townsend 7600 skinner machine into the stream of commerce.

9. In the condition as supplied by the Defendant, the subject Townsend 7600 skinner machine was not equipped with elements necessary to make it safe for use and/or contained elements making it unsafe for use, in that its design was unsafe for use in operations due to the predictable hazards from the design of the machine, and lack of appropriate safety devices, thereby creating a predictable and substantial risk of bodily injuries, such as those sustained by Plaintiff JUAN PEREZ, as more fully described herein.

10. On or about October 14, 2004, Plaintiff JUAN PEREZ was employed as a debone machine operator for Citterio USA located in Freeland, Pennsylvania.

11. On or about October 14, 2004, Plaintiff JUAN PEREZ, while in the course of his employment, was operating the subject Townsend 7600 skinner machine, when due to the negligence and wrongdoing of Defendant, as well as the defective condition of the

subject machine, as described above, the subject Townsend 7600 skinner machine suddenly and without warning drove his hand into a razor-sharp blade and caused, among other things, Plaintiff-Husband to suffer serious painful personal injuries, as more fully set forth herein.

12. At all times material hereto, the subject Townsend 7600 skinner machine as designed, manufactured, sold, supplied by Defendant, was being used in the manner for which it was designed, manufactured, sold, supplied and/or modified.

13. At all times mentioned herein, Plaintiff JUAN PEREZ was acting with due care.

14. As a direct and proximate result of the carelessness and wrongdoing of Defendant and the defective condition of the subject Townsend 7600 skinner machine, as set forth herein, Plaintiff JUAN PEREZ suffered severe disabling injuries to his skin, bones, muscles, flesh, nerves, tendons and other tissues, including, but not limited to, crush injury to his left hand and the complications and sequale thereof, complete amputation of the 5th digit and partial amputation of the 4th digit of the left hand, skin grafting of the 3rd digit of the left hand, tendon adhesions of the 3rd digit of the left hand, thereby causing him to undergo extensive medical care and treatment and great physical pain and suffering, all of which are permanent in nature.

15. As a direct and proximate result of the carelessness, negligence and wrongdoing of Defendant and the defective condition of the subject Townsend 7600 skinner machine, as set forth herein, Plaintiff JUAN PEREZ has in the past and will in the future continue to suffer from the above conditions as well as scarring, deformity, pain, humiliation, embarrassment, disfigurement, loss of well being, severe restrictions on his ability to

engage in normal activities and inability to pursue and enjoy the normal ordinary features of life.

16. As a direct and proximate result of the carelessness, negligence and wrongdoing of the Defendant and the defective condition of the subject Townsend 7600 skinner machine, as set forth herein, Plaintiff JUAN PEREZ has required and will in the future continue to require medical care, rehabilitative care, and other medical care and treatment and has incurred and will incur substantial expenses for such care and treatment.

17. As a direct and proximate result of the carelessness, negligence and wrongdoing of the Defendant and the defective condition of the subject Townsend 7600 skinner machine, as set forth herein, Plaintiff JUAN PEREZ has been in the past, and will be in the future, prevented from performing his usual duties, avocations and occupations and has suffered a loss of earnings and earning capacity.

## COUNT I

## NEGLIGENCE

## JUAN PEREZ vs. TOWNSEND ENGINEERING COMPANY

18. Plaintiffs incorporate Paragraphs 1 through 17 as though fully set forth at length herein.

19. At all times hereto, Defendant knew or through the exercise of reasonable care, should have known that the subject Townsend 7600 skinner machine was unsafe for its intended or reasonably foreseeable use(s) and that such defect would subject users to serious injuries in the subject Townsend 7600 skinner machine's intended and reasonably foreseeable uses.

20. The aforesaid injuries to Plaintiff JUAN PEREZ were directly caused by Defendant's negligence and disregard for the safety of others, both generally and in the following particular respects:

(a) Failing to exercise reasonable care in designing, manufacturing, marketing, fabricating, distributing, selling and/or otherwise supplying the subject Townsend 7600 skinner machine, due to the hazard created by the subject machine's design and consequent risk of injuries when used in an industrial work setting;

(b) Designing, manufacturing, marketing, promoting, selling and/or otherwise supplying the subject Townsend 7600 skinner machine in a defective and/or unreasonably dangerous condition, in that the subject Townsend 7600 skinner machine was not equipped with elements necessary to make it safe for use and/or contained elements making it unsafe for use, in that its design was unsafe for use due to predictable risk of injury from the unguarded blade and the unsafe design, thereby creating a predictable and substantial risk of injuries;

(c) The subject Townsend 7600 skinner machine as sold was unsafe for operation in an industrial work setting, due to the hazard created by the subject Townsend 7600 skinner machine's design and the predictable and substantial risk of injuries from the unguarded blade;

(d) Designing, manufacturing, marketing, promoting, selling and/or otherwise supplying the subject Townsend 7600 skinner machine without proper and adequate instructions and warnings as to the aforementioned hazard;

(e) Designing, manufacturing, marketing, promoting, selling and/or otherwise supplying the Townsend 7600 skinner machine without proper and adequate safety features, instructions and warnings to reduce the dangers created by the unguarded blade;

(f) Designing, manufacturing, marketing, promoting, fabricating and/or otherwise supplying the subject Townsend 7600 skinner machine with design defects and dangers as set forth above;

(g) Designing, manufacturing, marketing, promoting, selling, and/or otherwise supplying the subject Townsend 7600 skinner machine in a defective and/or unreasonably dangerous condition, and without proper and adequate safety features, instructions and warnings as set forth above, when Defendant should have known, had reason to know, and/or knew that the subject machine presented a substantially unknown and unreasonable risk of harm to reasonably foreseeable users;

(h) Failing to properly and adequately test the subject Townsend 7600 skinner machine relative to the unguarded blade, as the subject machine as sold was unsafe for operation in an industrial work setting, due to the hazard created by the machine's design and the predictable and substantial risk of injuries from the unguarded blade;

(i) Failing to adequately warn of foreseeable dangers associated with the subject Townsend 7600 skinner machine sold as unsafe for operation in an industrial work setting, due to the hazard created by the subject Townsend 7600 skinner

        machine's design and the predictable and substantial risk of injuries from the unguarded blade;

(j)    Failing to provide adequate instructions relative to the unguarded blade to permit safe and proper use of the Townsend 7600 skinner machine, in light of its unsafe design; and

(k)    Failing to comply with applicable statutes, regulations and standards relative to the design and engineering of the subject Townsend 7600 skinner machine, including the unguarded blade.

**WHEREFORE**, Plaintiffs demand judgment against Defendant TOWNSEND ENGINEERING COMPANY, in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs and other such relief as this Court deems just.

## COUNT II

## PRODUCTS LIABILITY

## JUAN PEREZ vs. TOWNSEND ENGINEERING COMPANY

21.    Plaintiffs incorporate by reference Paragraphs 1 through 20 as though the same were set forth fully at length herein.

22.    At all material times hereto, Defendant was engaged in the business of designing, manufacturing, selling, and/or introducing into the stream of commerce, Townsend 7600 skinner machines, including the Townsend 7600 skinner machine, Serial No. 1467, involved in the aforesaid incident.

23. At all material times hereto, there have been no substantial changes in the condition of the subject Townsend 7600 skinner machine, from the time the subject machine was sold by Defendant to the time of the incident, which gave rise to this lawsuit.

24. Defendant sold the subject Townsend 7600 skinner machine in a defective and/or unreasonably dangerous condition in that the subject Townsend 7600 skinner machine had elements which made it unsafe for use and was without elements required to make it safe for use, for which the Defendant is strictly liable.

25. The subject defective Townsend 7600 skinner machine supplied by Defendant was a direct and proximate cause of Plaintiff JUAN PEREZ'S injuries.

26. Said Defendant was and is a supplier within the meaning of Section 402A of the Restatement (Second) of Torts.

**WHEREFORE**, Plaintiffs demand judgment against Defendant TOWNSEND ENGINEERING COMPANY, in a sum in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, together with interest, costs and any other such relief that this Court deems just.

## COUNT III

## LOSS OF CONSORTIUM

### MINERVA PEREZ vs. TOWNSEND ENGINEERING COMPANY

27. Plaintiff, MINERVA PEREZ, incorporates by reference each and every allegation set forth in Paragraphs 1 through 26, as if the same were fully set forth herein.

28. At all times material hereto, Plaintiff, MINERVA PEREZ was the lawful wife of Plaintiff JUAN PEREZ.

29. As a direct and proximate result of the aforesaid acts, omissions, negligence, defective product, and/or other conduct of Defendant, Plaintiff-wife MINERVA PEREZ has been deprived of the comfort, companionship, services, assistance, earnings, and consortium of Plaintiff-husband JUAN PEREZ, to her great detriment and loss.

**WHEREFORE**, Plaintiff, MINERVA PEREZ, demands judgment in her favor and against Defendant, TOWNSEND ENGINEERING COMPANY, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs and any other such relief that this Court deems just.

                        GALFAND BERGER, LLP

                        BY:   <u>PMP3689</u>
                              PETER M. PATTON, ESQUIRE
                              ATTORNEY FOR PLAINTIFFS

                              Galfand, Berger LLP
                              1818 Market Street, 23 Floor
                              Philadelphia, PA  19103
                              (215) 665 1600
                              Fax:  (215) 564 2262
                              ppatton@galfandberger.com

DATED:  12/16/05

S:\Documents\PL\Peter Patton\PEREZ, JUAN\PLEADINGS\Complaint.doc