IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN PEREZ and MINERVA PEREZ, h/w : | CIVIL ACTION NO. **4:05-CV-02337-TMB** |
| Plaintiffs : | (Magistrate Judge Blewitt) |
| v. : | |
| TOWNSEND ENGINEERING COMPANY : | |
| Defendant : | |

## MEMORANDUM AND ORDER

Plaintiffs have commenced this strict products liability case based on diversity jurisdiction and Pennsylvania substantive product liability law controls. *Forrest v. Beloit Corp.*, 424 F.3d 344, 354 (3d Cir. 2005). On May 23, 2008, Plaintiffs filed a Motion in *Limine* to preclude Defendants from introducing at trial, set to commence on June 23, 2008, evidence regarding industry customs, standards, and regulations.[1] (Doc. 56). Defendant filed its opposition brief on May 30, 2008. (Doc. 76). Both parties submitted exhibits with their respective filings. The Court heard oral argument on all motions in *limine* on June 13, 2008.

Plaintiffs, in their present motion, point out that the Pennsylvania Supreme Court has held that, "the underlying purpose of strict products liability is undermined by introducing negligence concepts into it." *Kimco Development Corp. v. Michael D's Carpet*, 637 A.2d 603, 606 (Pa. 1993). (Doc. 56, Brief, p. 3). Plaintiffs argue that it is the product and not the alleged reasonableness of the parties' conduct that is on trial. (Doc. 56, Brief, p. 3). Specifically, Plaintiffs argue that the Defendant should be precluded from introducing evidence regarding industry customs, practices, standards, and regulations, such as evidence that Defendant's skinning machine was approved by the USDA and evidence that it complied with European standards. (Doc. 56, Brief, p. 3).

Plaintiffs contend that introducing industry standards in a strict products liability case

---

[1] Plaintiffs' Doc. 56 consists of both Plaintiffs' motion and support brief.

is impermissible because this evidence has the effect of introducing the reasonableness of a manufacturer's conduct in an action which focuses, for public policy reasons, upon the existence of a defect. (Doc. 56, Brief, p. 4). Plaintiffs also argue that evidence of all government and industry regulations are inadmissible with respect to a strict liability claim. (*Id.*). Plaintiffs contend that the Defendant's purpose in trying to introduce such evidence would be to prove the reasonableness of their chosen design, *i.e.* without the Grasselli "touch stop" system, and they claim that this evidence should be precluded. (*Id.*, P. 5). *See Majdic v. Cincinnati Machine Company*, 537 A.2d 334 (Pa. Super. Ct. 1988). *See also Sheehan v. Cincinnati Shaper Co.*, 555 A.2d 1352 (Pa. Super. Ct. 1989).

Defendant initially argued that the Plaintiffs filed a products liability and negligence action and since Plaintiffs did not amend their complaint to withdraw the negligence claim, evidence of industry customs, standards, and regulations are clearly relevant and admissible. (Doc. 76, p. 1). Defendant also argues that such standards are also relevant and admissible in a strict liability action on the issue of causation. (Doc. 76, p. 2). Furthermore, Defendant contends that mandatory standards, such as the USDA standards, are also relevant and admissible in a strict liability case in determining whether a product was defective. (Doc. 76, p. 2).

Defendant's initial argument is now moot since Plaintiffs withdrew their negligence claim on June 13, 2008. Plaintiffs are proceeding only on their strict liability claim. (Doc. 88). Further, Defendant maintains that it would be fundamentally unfair and legally erroneous for this Court to admit evidence of a competitor's alternative design, in an attempt to portray the Townsend design as "defective" and not to permit Townsend, in defending itself, to show the jury that skinning machines made by other manufacturers, such as Weber, Maja, and Grasselli, are designed exactly like the Townsend 7600. (Doc. 76, p. 3). Defendant also attempts to distinguish the cases of *Majdic v. Cincinnati Machine Company* and *Lewis v. Coffing Hoist Division*, by arguing that in those cases the courts merely held that a defendant cannot argue that it should not be held liable because no one else in the industry was taking the precautionary measures or safety steps alleged by Plaintiff.

2

Therefore, Defendant contends that evidence of industry standards, customs, and regulations should be admissible in our case. (Doc. 76, p. 4). *See Lewis v. Coffing Hoist Division, Duff Norton,* 528 A.2d 590 (Pa. 1987).

As stated, Plaintiffs have withdrawn their negligence claim and are proceeding solely on their strict liability claim. In *Majdic,* the Court stated that in a products liability case, liability does not focus upon a manufacturer's reasonableness in design or manufacture of the product, or the manufacturer's use of "state of the art" concepts. *Majdic v. Cincinnati Machine Company,* 537 A.2d 334, 337 (Pa. Super. Ct. 1988). Liability focuses instead upon whether there is a defect in the product which caused injury to the user and not on whether this defect could have been anticipated at the time of the design or manufacture of the product. *Id.*

In *Lewis,* the Court found that proof of a defendant's compliance with industry-wide standards, practices, and customs would inject concepts of negligence law. As the Court held in *Azzarello v. Black Bros. Co.,* 391 A.2d 1020 (Pa. 1978), negligence concepts have no role in a case based entirely on strict liability under Section 402A of the Restatement (Second) of Torts. *Lewis v. Coffing Hoist Division,* 528 A.2d 590, 591 (Pa. 1987). *See also Holloway v. J.B. Systems, Ltd.,* 609 F.2d 1069 (3d Cir. 1979).

In *Sheehan,* the Court relied on *Lewis,* and held that the introduction of industry standards in a strict products liability case was impermissible because such evidence has the effect of introducing the reasonableness of the manufacturer's conduct into an action which focuses, for public policy reasons, upon the existence of a defect. *Sheehan v. Cincinnati Shaper Co.,* 555 A.2d 1352, 1355 (Pa. Super. Ct. 1989).

Recently, in the case of *Nesbitt v. Sears, Roebuck, and Co.,* 415 F. Supp.2d 530, 534-35 (E.D. Pa. 2005), the Court stated:

> It is clear that a manufacturer may not introduce evidence of compliance with industry and OSHA standards to demonstrate the absence of a produc[t] defect. *See, e.g., Holloway v. J.B. Systems, Ltd.,* 609 F.2d 1069, 1073 (3d Cir. 1979) (trial judge erred under Pennsylvania law by permitting tank manufacturer to introduce testimony regarding compliance with trade custom in strict liability failure to warn case, as manufacturer's compliance with trade custom was irrelevant to whether product itself was defective); *Lewis v. Coffing Hoist Div., Duff-Norton Co., Inc.,* 515

3

Pa. 334, 528 A2d 590, 594 (1987) (evidence of industry standards inadmissible for purpose of establishing reasonableness of defendant's conduct in making design choice in strict product liability claim; *Sheehan v. Cincinnati Shaper Co.*, 382 Pa.Super 579, 555 A2d 1352, 1355 (1989) (evidence of OSHA standards inadmissible in strict liability claim for purpose of showing absence of design defect, as such evidence shifts jury's focus from existence of defect to reasonableness of manufacturer's conduct in not providing safety device for shear).

Similarly, in the present case, Defendant plans to present evidence of its compliance with industry and other standards. However, Defendant will be precluded from introducing this evidence to demonstrate the absence of a product defect. Therefore, Plaintiff's Motion in *Limine* to preclude Defendant from introducing evidence regarding industry customs, standards, and regulations in this products liability action will be granted because introduction of this evidence would inject negligence concepts into a case based entirely on strict liability under Section 402A of the Restatement (Second) of Torts.[2]

### ORDER

AND NOW, this 19th day of June 2008, after consideration of Plaintiffs' Motion in *Limine* (Doc. 56) to preclude Defendant from introducing evidence regarding industry customs, standards, and regulations in this products liability action and the filings of the parties in response thereto (Docs. 56 and 76), and based on the June 13, 2008 oral argument, It Is Hereby **ORDERED** that Plaintiffs' stated Motion (**Doc. 56**) is **GRANTED**.

THOMAS M. BLEWITT
**United States Magistrate Judge**

Dated: June 19 2008

---

[2] The Court notes that it is also granting Defendant's Motion in *Limine* in so far as it seeks to preclude any mention that the British HSE recommended the Grasselli machine with the "touch stop" system.

4