IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN PEREZ, et al., | : | CIVIL ACTION NO. **4:CV-05-2337** |
| | : | |
| | : | Magistrate Judge Blewitt |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| TOWNSEND ENGINEERING COMPANY, | : | |
| | : | |
| Defendant | : | |
| | : | |

**MEMORANDUM and ORDER**

**I. Background.**

On May 23, 2008, Defendant filed a Motion *in Limine* raising five issues, Issues A-E. (Doc. 54). The remaining issues in the Defendant's motion are as follows:[1]

A) That the Plaintiffs should be precluded from stating that the patent for the Townsend 7600 Skinning Machine says that the machine "is dangerous";

B) That the Plaintiffs should be precluded from stating that the British HSE recommends the Grasselli CLO machine with the "touch stop" stystem;

C) That the testimony of the Plaintiffs' expert witness, Ralph Lambert, should be limited in part, with respect to his opinion that the injury to Juan Perez would have been the same if he had been wearing the Towsend-approved protective skinning glove; and

D) That the Plaintiffs' expert witness should be precluded from testifying that Defendant's

---

[1] The Court has already ruled on Issue E raised in the Defendant's Motion *in Limine*. *See* (Doc. 84). The Court heard oral argument on the Motions *in Limine* filed by both parties on June 13, 2008.

product was "defective", "unreasonably dangerous", or that it was a "proximate cause" of the accident at issue.

The Plaintiffs briefed their opposition to the Defendant's Motion in Limine and the Defendant filed a reply brief. (Docs. 80 & 83).

## II. Discussion.

*Issue A*

Based on the filing and oral argument, the Court agrees with the Defendant that the Plaintiffs should be excluded from stating at trial that its skinning machine is "dangerous" base on Defendant's patents. As Defendant's counsel pointed out at oral argument, the patents for the Defendant's skinning machine did not state that its machine was "dangerous". Rather, the patents stated that the Defendant's machine had a "danger zone". (*See also* Doc. 83, p. 1). The Plaintiffs will be allowed to use the actual language of the Defendant's patents[2] and can refer to the "danger zone" of the skinning machine. However, Plaintiff will be precluded from stating at trial that Defendant's patents "admit [its] skinner is dangerous."

*Issue B*

Defendant seeks to preclude Plaintiffs from introducing evidence at trial regarding the British HSE's[3] position on open top skinners and the HSE's recommendation that British

---

[2]*See*, U.S. Patent No. 4,996,742

[3]The British Health and Safety Executive ("HSE") is the British equivalent of the U.S. Occupational Safety & Health Administration ("OSHA").

companies should use the skinning machines made by Grasselli, with the "touch stop" system. Plaintiffs argue that Defendant's corporate designee witness has admitted to the accuracy of the HSE's position, *i.e.* that the HSE recommended the Grasselli machine. Plaintiffs' also argue that the expert opinions relied upon by the parties have not been formed on the basis of the HSE's recommendation. *See U.S. v. 0.59 Acres of Land*, 109 F.3d 1493, 1496 (9th Cir. 1997).

At oral argument, Defendant argued that the HSE's position was hearsay evidence and inadmissible. (*See also*, Doc. 83, p. 2). Plaintiff argued that a hearsay exception applies, namely an admission of a party opponent, since Defendant's corporate designee, Stephen Cate, stated the position of the HSE in his deposition testimony. *See*, F.R.E. 801(d)(2). Defendant contended that while Cate stated the HSE's position, he did not agree with this position in his testimony. (*Id.*).

In the case of *Nesbitt v. Sears, Roebuck, and Co.*, 415 F. Supp.2d 530, 534-35 (E.D. Pa. 2005), the Court stated:

> It is clear that a manufacturer may not introduce evidence of compliance with industry and OSHA standards to demonstrate the absence of a produc[t] defect. *See, e.g., Holloway v. J.B. Systems, Ltd.*, 609 F.2d 1069, 1073 (3d Cir. 1979) (trial judge erred under Pennsylvania law by permitting tank manufacturer to introduce testimony regarding compliance with trade custom in strict liability failure to warn case, as manufacturer's compliance with trade custom was irrelevant to whether product itself was defective); *Lewis v. Coffing Hoist Div., Duff-Norton Co., Inc.*, 515 Pa. 334, 528 A2d 590, 594 (1987) (evidence of industry standards inadmissible for purpose of establishing reasonableness of defendant's conduct in making design choice in strict product liability claim; *Sheehan v. Cincinnati Shaper Co.*, 382 Pa.Super 579, 555 A2d 1352, 1355 (1989) (evidence of OSHA standards inadmissible in strict liability claim for purpose of showing absence of design defect, as such evidence shifts jury's focus from existence of defect to reasonableness of

manufacturer's conduct in not providing safety device for shear).

As Defendant recognizes (Doc. 83, p. 3), Pennsylvania law is clear that evidence of industry standards and OSHA standards are not admissible to show the reasonableness of Defendant's conduct in making a design choice, i.e. whether or not to use the Grasselli "touch stop" system, in a strict product liability claim. See Nesbitt, supra.

The Court agrees with Defendant that evidence regarding the HSE's recommendation is hearsay and that an exception under F.R.E. 801(d)(2) does not apply.[4] Further the Court finds that since OSHA regulations cannot be introduced as evidence in products liability cases based on work injuries, Plaintiffs should not be allowed to introduce evidence of the HSE's recommendation that British Companies should use the Grasselli "touch stop" system because this evidence does not show that our Defendant failed to comply with any applicable standard in the United States.[5]

Thus the Court will grant Defendant's Motion with respect to its Issue B.

---

[4] In Fairest v. Beloit Corp., 424 F.3d 344, 354 (3d Cir. 2005), the Court stated that in products liability diversity action governed by Pennsylvania law, the Federal Rules of Evidence govern procedural issues, such as unfair prejudice.

This Court finds that the prejudicial effect of evidence regarding the HSE's recommendation for British Companies outweighs any probative value of this evidence in our case.

[5] The Court rules that if Plaintiffs introduced evidence that Defendant failed to comply with U.S. industry standards in this strict products liability case, this would open the door for the Defendant to rebut this with evidence in its case-in-chief. See, Nesbitt, 415 F.Supp.2d at 535.

4

*Issue C*

This Court already addressed the issues regarding the Plaintiffs' expert witness, Mr. Ralph Lambert, previously. (Doc. 43). *See, Perez v. Townsend Eng. Co.*, 545 F.Supp.2d 461 (M.D. Pa. 2008). This Court stated as follows:

> A review of Mr. Lambert's report reveals that he relied in part upon disputed evidence. Mr. Lambert has fully set forth the factual information upon which he bases his opinions. We find that Mr. Lambert's report is reliable. As the Court in *Walker* stated, "[a]n expert is ... permitted to base his opinion on a particular version of disputed facts and the weight to be accorded to that opinion is for the jury. It is also ... a proper subject for cross-examination." *See Stecyk v. Bell Helicopter Textron, Inc.*, 295 F. 3d 408, 414 (3d Cir. 2002) ("Rule 705, together with Rule 703, places the burden of exploring the facts and assumptions underlying the testimony of an expert witness on opposing counsel during cross-examination."). 2002 WL 31059157 at **3.
> Federal Rule of Evidence 702 provides that:
>> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

F.R.E. 702.

> We agree with Plaintiffs that Mr. Lambert's testimony is relevant and that he is qualified to testify in this case. (Doc. 27). The qualifications of Ralph A. Lambert, Jr., P.E., were examined in *Padillas v. Stork-Gamco, Inc.*, 2000 WL 1470210 (E.D. Pa.), however as Defendant states, the cases are fact specific. (Doc. 34 ¶ 13). In *Padillas*, the plaintiff was injured when cleaning chicken processing equipment. The hose the *Padillas* plaintiff was using got stuck in the overhead conveyor and caused his hand to hit the blades of the cutter. The *Padillas* plaintiff used Ralph Lambert, the proffered expert in the present case, as his expert witness. The court found that Mr. Lambert's opinions were admissible in part. When determining whether Mr. Lambert was qualified to testify as an expert, the [Padillas] [C]ourt stated:

5

> Plaintiff's expert Ralph Lambert testified to his industrial engineering education, his licensure as a mechanical engineer, his more than three decades of experience as a plant manager and engineer in the food processing business, and his experience in forensic engineering. He testified that he has supervised plant utilities in meat processing plants, and in particular has worked as a consultant for poultry processing companies. As a plant manager and engineer, he has worked with machines that make use of rotating blades and require guarding of such blades, as well as conveyor systems.
>
> Based on the foregoing, I conclude that Lambert is generally qualified to give his opinion regarding the safety of food processing machine design and layout, and whether or not the food processing machine in this case required guarding, and therefore Lambert meets the first requirement for the admissibility of his opinions in this case.

Padillas, 2000 WL 1470210 at *2 (citations omitted).

Although fact specific, the Padillas Court found that Mr. Lambert was an expert in mechanical engineering and he was generally qualified to give his opinions regarding the safety of food processing machine design and layout. Similarly, based on the facts of our case, we find that Mr. Lambert is qualified to testify in this case, even though he did not work for a skinning machine company. See Tormenia v. First Investors Realty Co., 251 F.3d 128, 134 (3d Cir. 2000) ("Rule 702 does not require that experts have personal experience with the object of the litigation in which they testify, nor does it require that experts eschew reliance on a plaintiff's account of factual events that the experts themselves did not observe.").

In Stecyk v. Bell Helicopter Textron, Inc., 295 F.3d 408, 414 (3d Cir. 2002), the Third Circuit stated that "[a] party confronted with an adverse expert witness who has sufficient, though perhaps not overwhelming, facts and assumptions as the basis for his opinion can highlight those weaknesses through effective cross-examination." Thus, Mr. Lambert will be permitted to testify at trial, and his report and his opinions will be admitted, and the appropriate avenue for Defendant is to cross-examine Mr. Lambert.

(Doc. 43, pp 7-9).

Therefore, as previously held by this Court in its Doc. 43 Memorandum, Mr. Lambert will be allowed to testify to his opinions as an expert witness, including his opinion that Plaintiff Juan Perez would have been injured in the same manner even if he was wearing the Townsend recommended rubber glove. Once again the Court finds that the appropriate avenue for the Defendant to address its challenges to Lambert's opinion is through cross-examination.

*Issue D*

The Court finds that the use of legal terms of art or legal conclusions by Plaintiffs' expert, could lead the jury to be prejudicial against the Defendant. In *Lozano v. City of Hazleton*, 241 F.R.D. 252, 255-256 (M.D. Pa. 2007), the Court stated:

> [A]n expert witness generally may not provide legal opinions, though courts appear to be more concerned about an expert who presents legal conclusions to a jury rather than to a judge. See *United States v. Leo*, 941 F.2d 181, 196 (3d. Cir. 1991) (finding that "it is not permissible for a witness to testify as to the governing law since it is the district court's duty to explain the law to the jury."). An expert witness may, however, be used by the finder of fact to help unsnarl complicated factual issues. Federal Rule of Evidence 702 provides, in pertinent part, that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue" a fully qualified expert may testify. See also *United States v. Velasquez*, 64 F.3d 844, 849 (3d Cir.1995) (recognizing "the 'strong and undeniable preference for admitting any evidence having some potential for assisting the trier of fact' which is embodied in the Federal Rules of Evidence' " [citations omitted] and noting that "Rule 702, which governs the admissibility of expert testimony, specifically embraces this policy.").

Therefore, based on *Lozano*, Plaintiffs' expert witness, Mr. Lambert, shall be precluded

7

from using legal terms of art, and he shall not be permitted to give legal conclusions, such as, but not limited to, the conclusions that the Townsend 7600 Skinning Machine was "defective", "unreasonably dangerous", or was the "proximate cause" of Juan Perez's injury.

## ORDER

AND NOW, this _19_ day of **June, 2008**, based upon the filings of the parties (Docs. 54, 80 & 83), and based upon the June 13, 2008 oral argument, **IT IS HEREBY ORDERED THAT:**

1) The Defendant's Motion *in Limine* (Doc. 54) is granted in part and denied in part.

2) The Plaintiffs are precluded from stating that the patents for the Townsend 7600 Skinning Machine indicated that the machine "is dangerous", but they may refer to the exact language in the patents, *i.e.* the product has a "danger zone."

3) The Plaintiffs are precluded from introducing any evidence regarding the British HSE's position on open top skinners and its recommendation that the Grasselli system should be used by British Companies.

4) Plaintiffs' expert witness, Mr. Lambert, will be allowed to testify with respect to his opinion that Juan Perez's injury would have been the same even if he was wearing the Townsend recommended gloves at the time of the accident.

5) Plaintiffs' expert witness is not permitted to give legal conclusions and he shall not be permitted to testify that the Defendant's product was "defective" or "unreasonably dangerous" or the "proximate cause" of Juan Perez's injury.

Dated: June 19, 2008

THOMAS M. BLEWITT
United States Magistrate Judge